**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**WINSTON HOLLOWAY,
ADC #67507**                                                                            **PLAINTIFF**

**V.**                                   **CASE NO. 5:15-CV-335 BSM/BD**

**RANDY WATSON, et al.**                                                **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Chief

Judge Brian S. Miller.  You may file written objections to this Recommendation.  If you

file objections, they must be specific and must include the factual or legal basis for your

objection.  Your objections must be received in the office of the United States District

Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without

independently reviewing the record.  By not objecting, you may also waive any right to

appeal questions of fact.

### II.   Background

Winston Holloway, an Arkansas Department of Correction inmate, filed this

lawsuit without the help of a lawyer under 42 U.S.C. § 1983.  In his complaint, Mr.

Holloway alleges that ADC officials interfered with his right to access the courts by

failing to mail his writ of *certiorari* to the United States Supreme Court.  In his amended

complaint, Mr. Holloway also claims that ADC officials failed to properly process his legal mail and grievances.

On March 10, 2016, Mr. Holloway moved to amend or correct his complaint. He explained that, because he received notice that the Supreme Court received his writ of *certiorari*, he no longer sought to pursue his claim that the Defendants lost this document in this lawsuit. (#41-1)  In their motion for summary judgment, Defendants acknowledge that Mr. Holloway no longer seeks to proceed on this claim, and Mr. Holloway does not dispute that fact. (#43 at p.2; #48 at pp.1, 7)  As a result, Mr. Holloway's motion to amend (#41) should be GRANTED.  His claim regarding the Defendants' interference with his writ of *certiorari* before the United States Supreme Court should be DISMISSED, with prejudice.

In their motion for summary judgment, Defendants also argue that Mr. Holloway did not fully exhaust his administrative remedies as to his remaining claims before he filed this lawsuit. (#43)  Mr. Holloway has responded to the motion, and it is now ripe for review. (#47, #48, #49)

### III.   <u>Discussion</u>

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss all claims that were not fully exhausted before suit was filed.  See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").  Neither the inmate's subjective beliefs about the effectiveness of the grievance process nor his confusion about the process can excuse the exhaustion requirement.  *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones,* 549 U.S. at 218; see also *Woodford*, 548 U.S. at 90–91.  Thus, to satisfy the PLRA's exhaustion requirement, a prisoner must fully comply with the specific procedural requirements of the prison or jail where he is held.  *Id.*

The Defendants attach the declaration of Barbara Williams, the ADC Inmate Grievance Coordinator, to their motion.  (#43-1)  Ms. Williams testifies that, in 2015, Mr. Holloway filed three grievances related to the claims raised in this lawsuit, grievances VU-15-1763, VU-15-1784, and VU-15-1808.   (#43-1 at p.4)

On September 15, 2015, Mr. Holloway filed grievance VU-15-1763.  (#43-3 at p.1)  In that grievance, Mr. Holloway complained that Defendants Eason and Powell had refused to sign his grievance earlier that day.  It is undisputed that Mr. Holloway failed to

timely proceed to step two of the grievance procedure because he waited until September 26, 2015, to file a formal grievance with the unit warden.  Because the ADC grievance policy requires an inmate to submit a formal grievance within six days of the submission of the informal grievance (#43-2 at pp.7-8), Mr. Holloway's grievance was rejected as untimely.  (#43-3 at p.2)  On appeal, the deputy director upheld the decision that Mr. Holloway's grievance was untimely and, therefore, did not reach the merits of the claims raised in grievance VU-15-1763.  (#43-3 at p.3)

On September 15, 2015, Mr. Holloway also filed VU-15-1808.  (#43-5 at p.1)  In that grievance, Mr. Holloway again complained that Defendant Powell had refused to sign his grievance.  Again, Mr. Holloway failed to timely proceed to step two of the grievance procedure by waiting until October 2, 2015 to file a formal grievance.  (#43-5 at p.2)  Again, that grievance was rejected as untimely.  (*Id.*)  On appeal, the deputy director upheld the decision to reject that grievance and did not address the merits of the claims raised in grievance VU-15-1808.  (#43-5 at p.3)

On September 23, 2015, Mr. Holloway filed grievance VU-15-1784.  (#43-4 at p.1)  In that grievance Mr. Holloway complained that Defendants Eason and Taylor had not properly handled his legal mail.  (*Id.*)  Although Mr. Holloway filed timely informal and formal grievances, he filed this lawsuit prior to receiving the warden's decision.  (#43-4 at p.3)  After receiving the warden's decision, Mr. Holloway failed to appeal the warden's decision to the deputy warden for a final decision.

4

In his response to the Defendants' motion, Mr. Holloway argues that his grievances were improperly held by ADC officials, causing them to be rejected as untimely.  Mr. Holloway acknowledges that an inmate may proceed to step two of the grievance procedure without receiving a response to his informal grievance.  He contends that, depending on when the ADC official receives the grievance through the mail or checks the inmate grievance box, an inmate has no way of knowing whether his grievance will be deemed timely received.  Mr. Holloway complains that "the system will use any excuse to defeat[] a grievance rather than attempting to resolve the issue."  (#48 at p.9)

Mr. Holloway has not presented any evidence showing that any ADC official interfered with his formal grievances causing them to be rejected as untimely, and his unsubstantiated beliefs are insufficient to defeat a motion for summary judgment.

In his response, Mr. Holloway also argues that he timely filed his appeals of the grievances at issue by placing it in the ADC "truck mail."  (#49 at p.4)  Defendants do not dispute that Mr. Holloway timely appealed the denial of his grievances.  Rather, they contend that Mr. Holloway did not timely submit his formal grievances.

Finally, Mr. Holloway argues that he filed this lawsuit for a writ of mandamus rather than completing the exhaustion process.  As previously explained, this case could not proceed as a petition for writ of mandamus because the writ of mandamus is an extraordinary writ that is appropriate only when the party seeking the writ has no other means to obtain the relief requested and the district court's non-appealable order is a clear

abuse of discretion.  *In re Life Ins. Co. of North America*, 857 F.2d 1190, 1192 (8th Cir.

1988); and *In re Prairie Island Dakota Sioux*, 21 F.3d 302, 304 (8th Cir. 1994) (per

curiam).

Based on the undisputed evidence presented, Mr. Holloway failed to fully exhaust

his administrative remedies regarding the claims remaining in this lawsuit.  Therefore,

Defendants are entitled to judgment as a matter of law.

## IV.   Conclusion

The Court recommends that Mr. Holloway's motion to amend (#41) be

GRANTED.  Mr. Holloway's claim regarding the Defendants' failure to properly mail his

writ of *certiorari* to the United States Supreme Court should be DISMISSED, without

prejudice.  In addition, the Defendants' motion for summary judgment (#43) should be

GRANTED.  Mr. Holloway's remaining claims should be DISMISSED, without

prejudice, based on his failure to exhaust his administrative remedies.

IT IS SO ORDERED, this 20th day of April, 2016.


_____

UNITED STATES MAGISTRATE JUDGE